## DOTTIE PIERCE v. RUDOLPH BABLER and Another.[1]

May 28, 1915.

Nos. 19,155—(99).

**Innocent purchaser — evidence.**

Evidence *held* sufficient to sustain a finding that the defendant Joslyn was an innocent purchaser of certain land obtained by the defendant Babler of the plaintiff by fraud.

Action in the district court for Hennepin county against Rudolph Babler and Colin C. Joslyn. The case was tried before Hale, J., who made findings and dismissed the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Harold S. Nelson,* for appellant.

*C. C. Joslyn, pro se.*

DIBELL, C.

Appeal by the plaintiff in an action for an injunction from an order denying her motion for a new trial. The appeal was prosecuted against the defendant Joslyn alone.

In January, 1909, the plaintiff and the defendant Babler were the

1 Reported in 152 N. W. 836.

owners in common of an hotel property in Anoka. Babler was the agent for the plaintiff and she reposed entire confidence in him.

The hotel property was an unsatisfactory investment. Babler got an opportunity to trade it for a ranch in Montana by assuming a mortgage of $3,000 and by giving a purchase money mortgage of $1,100. Stating it in a rough way, Babler owned 15/90 of the Anoka property and Mrs. Pierce 75/90. Babler represented to Mrs. Pierce that he was putting into the trade some 400 acres of Kanabec and Carlton county lands at something like $8,000 or $9,000. Taking count of these lands at about the valuation stated Babler was entitled to 54/90 of the Montana ranch and Mrs. Pierce to 36/90. Deeds were passed upon this basis. Babler put no Carlton or Kanabec county lands into the trade although there is a shadowy claim of these lands being turned over to some one as a commission. By the transaction Babler successfully perpetrated a wicked fraud upon Mrs. Pierce.

On July 6, 1910, Babler conveyed his 54/90 interest, or all except a trifling fraction of it, to one Anna Williams, who afterwards became Mrs. Trippany. There was no purpose in this except to keep it out of reach of others. He had control of it himself. In 1912 he sold his interest in the Montana ranch to the defendant Joslyn for $800 and deeds from Mrs. Trippany and from Babler were given to Joslyn. Joslyn redeemed from the two mortgages and afterwards Mrs. Pierce redeemed from the equitable mortgage on her interest accruing to Joslyn by his redemption.

The court found that Joslyn was an innocent purchaser of the interest bought of Babler. The evidence is amply sufficient to justify a finding charging Joslyn with notice of Babler's fraud. The facts are in dispute. There is no undisputed fact necessarily establishing notice. The circumstances surrounding the purchase were unusual. There was evidence of actual notice but it was disputed. Under the familiar rule the question of notice was one of fact for the court, and we sustain its finding.

Order affirmed.